## State of Vermont v. Andre A. LeBlanc

[759 A.2d 991]

No. 99-182

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed July 14, 2000

*Lauren Bowerman*, Chittenden County State's Attorney, *Robert Simpson*, Chief Deputy State's Attorney, and *Pamela Hall Johnson*, Deputy State's Attorney, Burlington, for Plaintiff-Appellant.

*Paul D. Jarvis* of *Jarvis and Kaplan*, Burlington, for Defendant-Appellee.

**Skoglund, J.** In this case, we address the issue we declined to reach in the recent decision, *State v. Carpenter*, 170 Vt. 371, 377, 749 A.2d 1137, 1141 (2000), namely, whether the savings clause that accompanied the 1991 amendment to 23 V.S.A. § 1210(d) is available to a defendant who had already been convicted of driving under the influence (DUI) three times at the time of the amendment. This is an interlocutory appeal from a decision of the district court granting defendant Andre LeBlanc's motion to dismiss the DUI, fifth offense charge against him, and amending the charge to DUI, second offense. We reverse and remand.

On November 30, 1998, defendant was charged with DUI, fifth offense. He had previously been convicted of DUI on May 25, 1995, May 2, 1983, January 13, 1982, and October 17, 1981. The State sought a penalty of "[n]ot more than $2,500.00 or not more than 5 years imprisonment or both." Thus, the State sought to punish defendant as a fifth offender, pursuant to 23 V.S.A. § 1210(d). While under § 1210(b) and (c), first and second DUI offenses are treated as misdemeanors, under § 1210(d), third and subsequent offenses are treated as felonies.

Defendant moved to dismiss the allegation that he was a fifth offender, arguing that, if convicted, he could be sentenced only as a second offender under the applicable statutes. In support of his motion, defendant first noted that the prior version of § 1210(d), applicable before July 1, 1991, provided that a person had to be convicted of DUI twice within fifteen years of his or her current conviction in order for the enhanced penalties then in effect to apply. Defendant then argued that, when § 1210(d) was amended in 1991, the Legislature deleted the fifteen-year forgiveness period, but added a savings clause that retained the forgiveness period in cases where the prior convictions occurred before July 1, 1991. Therefore, he argued, if convicted of the current offense, he would not have been convicted twice within fifteen years, the 1981, 1982 and 1983 convictions all having occurred more than fifteen years prior to any conviction on the pending offense.[1] Under defendant's analysis, he could only be convicted of DUI, second offense, a misdemeanor.

---

[1] Defendant was charged with the current offense on November 30, 1998; his most recent pre-1991 conviction was May 2, 1983. Therefore, even if defendant were convicted of the current offense on the same day he was charged, more than fifteen years would have elapsed between the two convictions.

The district court agreed, holding that, when sentencing a defendant for a third or subsequent DUI offense, a court cannot consider any pre-July 1, 1991, DUI conviction that, at the time of sentencing on the current DUI conviction, is more than fifteen years old. Thus, because defendant's 1981, 1982 and 1983 convictions all predated July 1, 1991, and because, if defendant were to be convicted on the current charge, more than fifteen years will have elapsed between his pre-1991 convictions and his current conviction, the court concluded that defendant's pre-1991 convictions could not "be used either to enhance the present charge to a felony level or at sentencing." Therefore, the court held that the charge had to be reduced from DUI, fifth to DUI, second.

The State filed a motion for interlocutory appeal, which the court granted. The court certified the following questions for our review:

> What is the effect of the 7/1/91 amendment to 23 VSA section 1210(d) which eliminated the former 15 year forgiveness period for the use and computation of prior DWI convictions for the purposes of enhancing penalties on subsequent DWI convictions?

> Does the legislative history contain a "savings clause" which requires that as to convictions accrued prior to 7/1/91 they may not be considered for charging or sentencing in subsequent DWI's [sic] if older than 15 years from the date of the new offense?

Prior to July 1, 1991, 23 V.S.A. § 1210(d) provided:

> *Third offense.* A person convicted of violating section 1201 who has, within the preceding 15 years, twice been convicted of violation of that section, shall be sentenced as provided in subsection (c) of this section, except that any fine shall not be less than $100.00 nor more than $1,500.00.

23 V.S.A. § 1210(d) (1987), amended by 1991, No. 55, § 9 (emphasis added). As of July 1, 1991, § 1210(d) provides:

> *Third or subsequent offense.* A person convicted of violating section 1201 of this title who has twice been convicted of violation of that section shall be fined not more than $2,500.00 or imprisoned not more than five years, or both.

23 V.S.A. § 1210(d) (emphasis added).

In amending § 1210(d), the Legislature also provided, in pertinent part,

> that it is the intention of the general assembly that section 9 of this act, which amended this section by eliminating the 5-year and 15-year forgiveness periods, shall apply as follows: . . . (5) With respect to section 1210 of Title 23, the 15-year forgiveness period used to determine *third convictions* shall be considered a right [that] has accrued to the operator if the prior convictions occurred at any time prior to July 1, 1991.

1991, No. 55, § 19(4), (5) (emphasis added).

The State argues that the court erred in concluding that defendant's three pre-1991 DUI convictions could not be used to enhance either the charge or the penalty. According to the State, defendant does not qualify for the fifteen-year forgiveness period because, prior to 1991, he had three DUI convictions. The State notes that the pre-1991 statute refers to *third offenses*, whereas the post-1991 statute refers to *third or subsequent offenses*, and the savings clause refers to *third convictions*. The State argues that, if the Legislature intended for the savings clause to apply to *third or subsequent* offenses or convictions, it would have specifically so stated. Thus, according to the State, under the plain language of the statute and the savings clause, the forgiveness period applies only to defendants convicted of DUI, third, and does not apply to this defendant because the current alleged offense is his fifth. We agree.

■ In construing a statute, "our principal goal is to effectuate the intent of the Legislature." *Tarrant v. Department of Taxes*, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999). In determining legislative intent, we begin with the plain meaning of the statutory language. If legislative intent is clear from the language, we enforce the statute "according to its terms without resorting to statutory construction." *Id.* Furthermore, we "presume that all language in a statute was drafted advisedly, and that the plain ordinary meaning of the language used was intended." *Committee to Save Bishop's House v. Medical Center Hospital*, 137 Vt. 142, 153, 400 A.2d 1015, 1021 (1979) (citations omitted).

Here, the plain language of the pre-1991 statute refers to third offenses, whereas the plain language of the amended statute refers to

third or subsequent offenses. The savings clause, which was added when the statute was amended, refers to third convictions. If the Legislature intended for the savings clause to apply to third or subsequent convictions, it knew how to so specify. See *In re P.S.*, 167 Vt. 63, 70, 702 A.2d 98, 102 (1997) ("[T]he Legislature has clearly demonstrated that it knows how to specify a standard of dangerousness because it has included one in other subsections of the statutory section we are construing."); *In re Spencer*, 152 Vt. 330, 340, 566 A.2d 959, 965 (1989) ("[T]he fact that § 6085(d) allows for automatic issuance of a permit under certain circumstances illustrates that the Legislature knew how to provide for a remedy if it chose to. The absence of a similar express provision in § 6086(b), therefore, demonstrates a legislative intent not to provide for such a remedy."). We decline to expand the savings clause by adding words that we presume the Legislature intentionally omitted. See *State v. Fuller*, 163 Vt. 523, 528, 660 A.2d 302, 305 (1995) (Court will not "'expand a statute by implication, that is, by reading into it something which is not there, unless it is *necessary* in order to make it effective.'") (quoting *State v. Jacobs*, 144 Vt. 70, 75, 472 A.2d 1247, 1250 (1984)).

Moreover, as the State points out, the district court's approach runs contrary to the intent of the Legislature. An examination of the pre-1991 version of the statute reveals that the Legislature sought to impose increasingly severe penalties on repeat offenders. For example, under § 1210(b), the subsection applicable to first offenses, the statute authorized a fine of "not less than $200.00, nor more than $750.00, or imprison[ment] for not more than a year, or both." 23 V.S.A. § 1210(d) (1987), amended by 1991, No. 55, § 9. Under § 1210(c), the subsection applicable to second offenses, the Legislature *mandated* a sentence of "[i]mprisonment for not more than one year," and additionally authorized a fine of "not less than $250.00, nor more than $1,000.00." *Id.* Finally, § 1210(d), the subsection applicable to third offenses, provided for the same punishment as that in subsection (c), "except that any fine shall not be less than $500.00 nor more than $1,500.00." *Id.*

The amended version of § 1210(d) is more stringent than the pre-1991 version in three ways: (1) today, the penalties for a third or subsequent DUI offense are significantly greater than they were prior to the 1991 amendment; (2) a third or subsequent DUI offense is now a felony, whereas, prior to the amendment, it was a misdemeanor; and (3) the Legislature eliminated the fifteen-year forgive-

ness period. The savings clause accompanying the 1991 amendment evidences the Legislature's intent that defendants retain the rights they were entitled to as of the date the statute was amended. However, given the fact that, in 1991, the Legislature increased the penalties and ramifications for repeat DUI offenders, it is unlikely that, by including a savings clause in the 1991 amendment, the Legislature intended to provide defendants with greater rights than they were entitled to prior to the amendment.

Yet, the district court's interpretation does just that. Under the district court's approach, defendant is entitled to have his three pre-July 1, 1991, convictions forgiven simply because they predate his current offense, and therefore any subsequent conviction, by more than fifteen years.[2] By allowing defendant, who is facing his fifth conviction, the relief contemplated by the penalty statute, the district court greatly expanded the "right" reserved by the Legislature to seek forgiveness of prior convictions "to determine *third* convictions." Given the Legislature's intent, the better approach is to interpret the savings clause as providing DUI offenders with the rights they had at the time the statute was amended, but nothing more.[3] Therefore, after the 1991 amendment, defendants who had two DUI convictions before 1991 may seek to avail themselves of the fifteen-year forgiveness period to determine the penalty when convicted of a third offense. With that limited exception, there is no longer any forgiveness period for third or subsequent DUI convictions.

■ When convicted of DUI for the fourth time in 1995, defendant had no right to the fifteen-year forgiveness period under the amended statute or the savings clause and, consequently, he was sentenced as a DUI fourth offender. Similarly, today, defendant has no right to have

---

[2] Applying the district court's approach, defendant was not entitled, following his 1995 conviction, to have his earlier convictions forgiven, as they occurred within fifteen years of his fourth conviction. However, under the district court's ruling, although defendant could have been convicted of a felony DUI in 1995, he can be convicted only of a misdemeanor for committing the same offense three years later.

[3] For example, if a defendant had been convicted in 1974 and 1978, then, under the previous version of the statute, if convicted again in 1990, he would have been entitled to have his 1974 conviction forgiven because he did not have two DUI convictions "within the preceding 15 years." Thus, in 1990, he would be sentenced as a second offender. After the 1991 amendment, the savings clause would allow the same result in a case where the defendant was convicted of DUI in 1974 and 1978 and again on July 1, 1991. Under this scenario, he would retain the right to have his 1974 conviction "forgiven."

any of his prior convictions forgiven. Thus, if convicted of the current offense, he should be sentenced as a fifth offender.

*Reversed and remanded.*