## State of Vermont v. Arthur Edward Delisle

[758 A.2d 790]

No. 99-197

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed July 28, 2000

*Jane Woodruff*, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Skoglund, J.** On November 7, 1998, defendant Arthur Delisle was charged with driving under the influence of intoxicating liquor (DUI), in violation of 23 V.S.A. § 1201(a)(2). The information alleged that this was defendant's third offense, prior DUI convictions having been entered on October 18, 1983, and August 25, 1992. Defendant moved to strike the felony enhancement allegation based upon the 1983 conviction, claiming that the State could not prove that he had knowingly and voluntarily waived his rights in 1983. The trial court denied the motion, and, on April 16, 1999, defendant entered a conditional guilty plea to DUI, third offense, reserving his right to appeal the denial of his motion. On appeal, defendant argues that the 1983 conviction cannot be used as a predicate to the current offense because: (1) the record of the 1983 guilty plea contains no evidence of a valid waiver of rights; and (2) the 1983 conviction occurred more

than fifteen years before the current offense was alleged to have occurred. We affirm.

In *Boykin v. Alabama*, 395 U.S. 238 (1969), the United States Supreme Court reversed a judgment of conviction because the trial judge had accepted the defendant's guilty plea "without an affirmative showing that it was intelligent and voluntary." *Id.* at 242. *Boykin*'s requirements are embodied in V.R.Cr.P. 11, which requires a trial judge to address a defendant in open court to ensure that his plea is intelligent and voluntary. Where a defendant is faced with a misdemeanor charge, however, V.R.Cr.P. 43(c)(2) allows him to plead guilty in writing, as long as he signs a waiver form intended to ensure that his plea is intelligent and voluntary. See Reporter's Notes, V.R.Cr.P. 43.

In connection with his motion to strike, defendant presented the record of the 1983 case. According to the record, in 1983, defendant was convicted of misdemeanor DUI *in absentia* and without counsel, based upon his signature to a notice-of-plea-agreement form, and was sentenced to a $150.00 fine. The record also contains a letter to defendant from the court indicating enclosure of "the approved Plea Agreement and Waiver," but the file contains no signed waiver-of-rights form, and, of course, there was no oral Rule 11 colloquy.

Defendant first argues that, because the record of his 1983 guilty plea does not contain a waiver form, or any indication that he intelligently and voluntarily waived his rights, his 1983 plea is presumptively invalid and cannot now be used as a predicate for his multiple-offense DUI conviction. According to defendant, waiver of a defendant's constitutional rights cannot be presumed "from a silent record." *Boykin*, 395 U.S. at 243. The State asserts, in response, that a "presumption of regularity" attached to defendant's 1983 guilty plea when his judgment of conviction became final, thus shifting the burden to defendant to produce evidence showing that the plea was invalid. See *State v. Brown*, 165 Vt. 79, 86-87, 676 A.2d 350, 355 (1996). Further, the State argues, defendant has not met his burden.

In *Parke v. Raley*, 506 U.S. 20, 23 (1992), the defendant pled guilty to burglary in 1979 and 1981, and in 1986, was charged with both robbery and being a repeat felony offender. He moved to suppress the prior convictions, arguing that they were invalid under *Boykin* because the records did not contain transcripts of the plea proceedings, and thus the State could not prove that his pleas were intelligent and voluntary.

In ruling on the defendant's motion, the Kentucky state trial court applied the burden-shifting procedures set forth in *Dunn v. Com-*

*monwealth,* 703 S.W.2d 874, 876 (Ky. 1985). Under *Dunn,* when a defendant collaterally attacked a prior conviction, the State was required to prove the existence of the judgment of conviction. Once the State did so, a "presumption of regularity" attached, and the burden shifted back to the defendant to produce evidence that his rights were infringed or some procedural irregularity occurred in the prior proceeding. See *Dunn,* 703 S.W.2d at 876. If the defendant rebutted the presumption, the burden again shifted to the government to show that the defendant's rights were protected in the prior proceeding. See *id.*

In *Raley,* the state trial court held a hearing and concluded, based on the evidence presented, that the defendant's prior pleas were intelligent and voluntary. Thus, the court denied the defendant's motion. The defendant entered a conditional guilty plea, reserving his right to appeal the denial of his motion. The appellate court affirmed, concluding that, under the totality of the circumstances, both pleas were intelligent and voluntary. The state supreme court denied discretionary review. The defendant then filed a federal habeas petition, arguing that *Dunn's* burden-shifting scheme violated his due process rights under the federal constitution.

The federal district court concluded that the defendant's pleas were knowing and voluntary, and denied his habeas corpus petition. The Court of Appeals for the Sixth Circuit reversed in part, relying on its then-recent decision in *Dunn v. Simmons,* 877 F.2d 1275 (6th Cir. 1989). In *Simmons,* the Sixth Circuit held that, when no transcript of the prior plea proceeding exists, the presumption of regularity does not attach to the judgment of guilt, and the prosecution has the burden of proving the validity of the plea. See *Simmons,* 877 F.2d at 1277. Further, when the prosecution seeks to demonstrate the regularity of the prior proceeding with extrarecord evidence, that evidence must be "clear and convincing." *Id.*

In *Raley,* the Sixth Circuit affirmed the district court's decision with regard to the 1979 plea, but reversed with regard to the 1981 plea. Because *Simmons* had been issued after the state trial court's hearing in *Raley,* the Sixth Circuit remanded to give the State an opportunity to meet its burden under *Simmons.* The State appealed, and the United States Supreme Court reversed.

The Supreme Court first distinguished *Boykin,* which involved *direct review* of a conviction allegedly based upon an uninformed guilty plea. *Raley,* on the other hand, involved *collateral review* of a final judgment of conviction. According to the Court, "[t]o import

*Boykin*'s presumption of invalidity into this very different context would, in our view, improperly ignore another presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Raley*, 506 U.S. at 29 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 468 (1938)). Further, the Court stated:

> On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights. In this situation, *Boykin* does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained.

*Id.* at 30. Thus, the Court concluded: "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant," *id.* at 31, and held that "the Due Process Clause permits a State to impose a burden of production on a recidivism defendant who challenges the validity of a prior conviction under *Boykin*." *Id.* at 34.

We applied *Raley* in *Brown*, 165 Vt. at 87-88, 676 A.2d at 355-56. There, the defendant was convicted of, and sentenced for, DUI, third offense, in 1993, having previously pled guilty to DUI in 1985 and 1992.[1] The defendant challenged his sentence, arguing that the State could not prove the validity of his 1985 guilty plea, and therefore it could not be used in the present proceeding to enhance his sentence. Specifically, according to the defendant, the State could not prove that his guilty plea was valid under our decision in *State v. DeRosa*, 161 Vt. 78, 633 A.2d 277 (1993).

Trial judges may deny appointment of counsel because a defendant is not needy, because a defendant has validly waived the right to counsel, or because the judge will not impose a sentence of imprisonment. See *Brown*, 165 Vt. at 86, 676 A.2d at 354. In *DeRosa*, we held that, when a judge denies appointment of counsel to an indigent defendant because the judge will not impose a sentence of imprisonment, the judge may not subsequently impose a conditionally sus-

---

[1] Although there were two defendants in *Brown*, their circumstances were factually identical. Thus, for purposes of simplicity, we refer solely to defendant Brown's case.

pended sentence and probation. See 161 Vt. at 81, 633 A.2d at 279. In *Brown*, in 1985, the defendant had entered a pro se guilty plea to a charge of DUI and received a suspended zero-to-nine-month sentence. In connection with his 1993 sentence challenge, the defendant produced the record of the 1985 conviction, which indicated that counsel had been denied, but which did not provide the reason for the denial. The defendant argued that, because the record was silent as to the reason counsel was denied, the burden shifted to the prosecution "to establish that counsel was properly denied in the earlier proceeding." *Brown*, 165 Vt. at 86, 676 A.2d at 355. We disagreed, finding "the Supreme Court's reasoning in *Parke [v. Raley]* persuasive," and stating:

> Although defendants may have been denied counsel because the trial judge did not intend to impose a sentence of incarceration, it is equally plausible that counsel was denied because defendants were not needy. Given this ambiguity in the records of the prior convictions, defendants were obliged to show that counsel was *improperly* denied.

*Id.* at 87, 676 A.2d at 355 (emphasis in original). We clarified that, in order to meet this burden:

> [a] defendant need not produce court records that affirmatively prove that counsel was denied in violation of *DeRosa* if no such records exist. A defendant could testify that the trial judge, when denying counsel, had promised not to impose a sentence of incarceration, or that he or she was indigent at the time but was never questioned about financial resources. To challenge the use of a prior conviction for sentence enhancement purposes based on *DeRosa*, however, a defendant must show that counsel was denied improperly. As defendants have not met this burden, we affirm their convictions.

*Id.* at 88, 676 A.2d at 355-56.

Here, defendant is not arguing that his 1983 plea was not knowing and voluntary; rather, he is arguing that there is no evidence, and thus the State cannot prove, that his 1983 plea was knowing and voluntary. Based on *Raley* and *Brown*, however, he must do more than point to an ambiguous or incomplete record. He must produce evidence that his prior plea was invalid. Defendant has not met this burden. He presented no affirmative evidence, such as testimony or

an affidavit indicating that he did not receive, sign, or mail back a waiver-of-rights form in connection with his 1983 plea.[2] Instead, he relies on his argument that, once he points to an incomplete record, the burden shifts to the State to prove the validity of the prior plea. We rejected this argument in *Brown*, and we do so today as well.[3]

Defendant next argues that he cannot be convicted of DUI, third offense, because more than fifteen years elapsed between his October 18, 1983, DUI conviction, and November 7, 1998, the date the current offense was allegedly committed.

As a preliminary matter, the State argues that defendant has waived the right to raise this issue because he did not raise it before the trial court. Defendant, on the other hand, argues that the State's information was jurisdictionally defective because it included the purportedly invalid 1983 conviction as a predicate offense, and therefore he can raise the issue on appeal. We do not reach this issue, however, because we conclude that, even if defendant has waived his right to raise it, his 1983 conviction was valid.

Prior to July 1, 1991, 23 V.S.A. § 1210(d) provided that, in order to be sentenced as a second offender, a person had to have been convicted of DUI once within five years of his or her current conviction; and, in order to be sentenced as a third offender, a person had to have been convicted of DUI twice within fifteen years of his or her current conviction. See 23 V.S.A. § 1210(d) (1987), amended by 1991, No. 55, § 9; *State v. LeBlanc*, 171 Vt. 88, 90, 759 A.2d 991, 992 (2000). In 1991, the Legislature amended § 1210(d) and deleted the five-year and fifteen-year forgiveness periods. In amending § 1210(d), the Legislature also added a "savings clause" that provides

> that it is the intention of the general assembly that section 9 of this act, which amended this section by eliminating the 5-year and 15-year forgiveness periods, shall apply as follows: (4) With respect to section 1210 of Title 23, the five-year forgiveness period between convictions shall be considered a right which has accrued to the operator if the *first conviction* occurred at any time prior to July 1, 1991.
>
> (5) With respect to section 1210 of Title 23, the 15-year forgiveness period used to determine third convictions shall

---

[2] Even if he had presented such evidence, the trial court could reject it as not credible.

[3] Defendant does not argue that the State has failed to meet its initial burden of proving the existence of the 1983 conviction.

be considered a right [that] has accrued to the operator if the *prior convictions* occurred at any time prior to July 1, 1991.

1991, No. 55, § 19(4), (5) (emphasis added).

Defendant argues that, because he was convicted prior to 1991, and because more than fifteen years elapsed between his 1983 and 1998 convictions, the fifteen-year forgiveness period applies and he can be sentenced only as a second offender.

"In construing a statute, 'our principal goal is to effectuate the intent of the Legislature.' In determining legislative intent, we begin with the plain meaning of the statutory language. If legislative intent is clear from the language, we enforce the statute 'according to its terms without resorting to statutory construction.'" *LeBlanc*, 171 Vt. at 91, 759 A.2d at 993 (quoting *Tarrant v. Department of Taxes*, 169 Vt. 189, 197, 733 A.2d 733, 739 (1999)) (internal citations omitted). "Furthermore, we 'presume that all language in a statute was drafted advisedly, and that the plain ordinary meaning of the language used was intended.'" *Id.* (quoting *Committee to Save Bishop's House v. Medical Center Hospital*, 137 Vt. 142, 153, 400 A.2d 1015, 1021 (1979)).

■ Here, under the plain language of the savings clause, the fifteen-year forgiveness period applies if *both* prior *convictions* occurred before 1991. If the Legislature intended for the fifteen-year forgiveness period to apply when only one prior conviction occurred before 1991, "it knew how to so specify." *Id.* at 92, 759 A.2d at 993. Indeed, the savings clause retained the five-year forgiveness period to determine second offenses if the *first conviction* occurred prior to 1991. Consequently, because only one of defendant's prior convictions occurred before 1991, he has no right to the fifteen-year forgiveness period. As we stated in *LeBlanc*: "after the 1991 amendment, defendants who had *two DUI convictions* before 1991 may seek to avail themselves of the fifteen-year forgiveness period to determine the penalty when convicted of a third offense. With that limited exception, there is no longer any forgiveness period for third or subsequent DUI convictions." *Id.* at 93, 759 A.2d at 994 (emphasis added).

*Affirmed.*