*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-222

DECEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Darrell F. Day | } | DOCKET NO. 1047-10-10 Bncr |

Trial Judge: Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from an order of the superior court, criminal division, denying his motion for reconsideration of sentence under Vermont Rule of Criminal Procedure 35(a). Defendant contends the trial court erred in denying the motion because his sentence violated the Ex Post Facto Clause of the United States Constitution, Art. 1, § 9, and exceeded the sentence authorized by law. We affirm.

The record discloses that, pursuant to a plea agreement, defendant pled guilty on June 14, 2011 to five offenses, including one count of DUI third offense, and the State agreed to dismiss two additional counts. Defendant moved to withdraw the plea on September 21, 2011, which the court denied the same day. Defendant's sentence was twenty to forty years.

On April 23, 2012, defendant moved pro se for reconsideration of sentence, pursuant to V.R.Cr.P. 35(a), alleging that he had received an illegal sentence in violation of the Ex Post Facto Clause. Noting that his two prior DUI convictions had occurred in May 1986 and November 1991, defendant argued that he was entitled to be sentenced under the enhancement scheme in effect prior to the 1991 amendment to 23 V.S.A. 1210(d). As we explained in State v. Delisle, 171 Vt. 128, 133 (2000), in order for the charged offense to be considered a second offense under that scheme, a prior conviction had to have occurred within five years of the current offense; and to be considered a third offense both prior convictions had to have occurred within the last fifteen years. The 1991 amendment eliminated the time requirements, but contained a savings clause providing that the fifteen-year period would be considered to have accrued to an operator if the "prior convictions occurred at any time prior to July 1, 1991." Id. at 134. Construing this provision in Delisle, we held that the fifteen-year forgiveness period applied only if "both prior convictions occurred" before July 1991, and therefore was unavailable to the defendant because only one of his prior convictions had occurred before that date. Id.

Although defendant here is in the same position as the defendant in Delisle with regard to the timing of his two prior convictions, he claimed in his motion for reconsideration of sentence that applying the amended statute to sentence him as a third-time offender unconstitutionally increased his punishment, in violation of the Ex Post Facto Clause, and violated the enhancement

statute.[1] The trial court denied the motion without reaching the merits, ruling that the claim was not cognizable under V.R.Cr.P. 35(a) as construed in State v. Oscarson, 2006 VT 30, 179 Vt. 442.

In Oscarson, the defendant moved for reconsideration of sentence under Rule 35(a), claiming that he had been denied due process of law when the jury was misled as to an essential element of the offense. We held that sentence reconsideration is a "limited remedy" that is not designed to challenge a defendant's conviction of the offense charged, but solely to determine whether the sentence is within the parameters authorized by statute. Id. ¶¶ 11, 15. Because the defendant's sentence there was within that authorized by statute for an aggravated sexual assault conviction, the challenge was unavailable. Id. ¶ 15.

We need not consider whether Oscarson applies in these circumstances, where defendant is challenging a sentence enhancement, because his claims are unpersuasive on the merits. First, as noted, defendant's enhanced DUI sentence—based on one prior conviction that occurred before the statutory amendment and the other that occurred after the amendment—is perfectly consistent with the statutory scheme as construed in Delisle.

Furthermore, "[i]t is well settled that a conviction which occurred prior to the enactment of a statute providing for increased punishment upon a subsequent conviction may be used for enhancement purposes under that statute, and that such usage is not unconstitutional as being an ex post facto application of the statute." Vasquez v. State, 477 S.W.2d 629, 632 (Tex. Crim. App. 1972). The reason for this rule is that "the sentence imposed upon the habitual offender is not an additional punishment for the earlier crime, but a punishment for the later crime, which is aggravated because of its repetitive nature." People v. Forrester, 67 Cal. Rptr. 3d 740, 742 (Ct. App. 2008); see Gryger v. Burke, 334 U.S. 728, 732 (1948) (explaining that "the fact that one of the convictions . . . by which petitioner became a fourth offender occurred before" the habitual-offender law was passed did not invalidate the sentence or result in an "additional penalty for the earlier crimes" but rather imposed "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one").

Numerous courts have applied this principle to hold that the use of DUI convictions that occurred prior to enactment of an enhancement statute do not violate the Ex Post Facto Clause. See, e.g., Sims v. State, 566 S.W.2d 141, 142 (Ark. 1977) (holding that application of DUI enhancement statute based on two prior convictions that occurred before enactment of law did not violate ex post facto principle because "[t]he enhanced penalty provided for a third offense by that act is not for the first or second offense, but is for the third offense, which is considered as aggravated by reason of the preceding offenses"); Forrester, 156 Cal. Rptr. 3d at 742 (holding that application of amendment extending reach of DUI recidivist statute from seven to ten years did not violate ex post facto principle because the punishment "is not [for] the prior conviction, but the subsequent offense"); City of Norton v. Hurt, 66 P.3d 870, 872 (Kan. 2003) (holding that application of enhancement statute that eliminated grace period for DUI convictions over five years old did not violate ex post facto principle because it "did not operate retroactively to increase the penalty for Hurt's prior DUI offense," but "increased the penalty for the second violation only"); State v. Haverluk, 432 N.W.2d 871, 874 (N.D. 1988) (rejecting claim "that the consideration of prior [DUI] convictions occurring before the effective date of the enhancement

---

[1] Although defendant appears to suggest in his brief that both offenses occurred before July 1991 for purposes of applying the sentence enhancement, the record shows—to the contrary—that one conviction occurred in June 1986 and the other in November 1991, after the July 1, 1991 amendment.

statute was ex post facto," since "the punishment is of the second offense only, but is more severe because of the class in which the defendant placed himself by his first offense" (quotation omitted)); State v. Clever, 70 S.W.3d 771, 777 (Tenn. Crim. App. 2002) (rejecting claim that use of prior DUI convictions under subsequently enacted enhancement statute violated ex post facto rule, because defendant was "not being punished anew for his prior convictions, but rather for a subsequent offense"); Sepeda v. State, 280 S.W.3d 398, 402 (Tex. App. 2009) (rejecting claim that use of prior DUI convictions under later-enacted enhancement statute violated Ex Post Facto Clause since "the punishment is for the offense that appellant was tried for and . . . increased because of the recidivist nature of appellant's conduct"); State v. Pruett, 67 P.3d 1105, 1108 (Wash. Ct. App. 2003) (holding that use of DUI committed before enactment of enhancement statute did not violate Ex Post Facto Clause because it did "not increase or enhance punishment for a crime committed before the effective date of the statute").

Accordingly, we find no constitutional violation resulting from the sentence enhancement, and no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice

3