Day v. State, No. 224-7-12 Bncv (Corsones, J., Aug. 14, 2013)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT** <br> **Bennington Unit** | **CIVIL DIVISION** <br> **Docket No. 224-7-12 Bncv** |

| | |
|---|---|
| **Darrell Day** <br> Petitioner <br><br> **v.** <br><br> **State of Vermont** <br> Respondent | |

## ORDER ON PETITIONER'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND THE STATE'S CROSS-MOTION FOR SUMMARY JUDGMENT

### Factual Background

The Petitioner moves for post-conviction relief. On June 14, 2011, the Petitioner pled guilty to multiple charges, including a third offense of driving under the influence (DUI) and to misdemeanor simple assault. The court conducted a plea colloquy. During the plea colloquy, the court reviewed the charges against the Petitioner and asked whether he understood the implications of his plea agreement. As part of the plea colloquy, the judge indicated she understood the forgiveness period in a previous version of 23 V.S.A. § 1210(d) to run from the conviction date rather than the offense date. The Petitioner entered guilty pleas and the court accepted his pleas.

After the plea agreement, the Petitioner filed a motion to withdraw his plea. The trial court denied the motion. The trial court sentenced the Petitioner, as a habitual offender, to twenty to forty years on his third DUI conviction. The Court also sentenced the Petitioner to a six to twelve month consecutive sentence for his simple assault conviction. The Petitioner filed a motion to reduce his sentence under V.R.Cr.P. 35, which the court denied. The Petitioner

appealed the trial court's denial of his motion to reduce his sentence. In his appeal, the Petitioner argued the conviction violated the Ex Post Facto Clause. The Vermont Supreme Court affirmed and found the Petitioner's legal argument lacked merit. *See State v. Day*, No. 2012-222, 2012 WL 6633576 (Vt. Dec. 13, 2012). The Petitioner also moved for reargument under V.R.A.P. 40. In addition to denying the Petitioner's request on procedural grounds, the Vermont Supreme Court noted the Petitioner failed to point out any fact or law that they had overlooked.

In his petition for post-conviction relief, the Petitioner alleges his conviction for a third DUI violated the Ex Post Facto Clause. The Petitioner further argues the trial court incorrectly computed his credit for time served on his simple assault conviction, in violation of the Double Jeopardy Clause and the Cruel and Unusual Punishment Clause. In this order, the Court only addresses the Petitioner's argument that his conviction violated the Ex Post Facto Clause.

## Procedural History

On April 17, 2013, the Petitioner moved for partial summary judgment on his claim the conviction violated the Ex Post Facto Claim. On May 15, 2013, the State opposed the motion for partial summary judgment. The State also moved for summary judgment. On June 20, 2013, Petitioner requested an extension of time. The Court granted the Petitioner an extension. On July 17, 2013, the Petitioner responded to the State's opposition on the ex post facto clause. The Petitioner has not yet responded to the State's other arguments.

## Standard of Review

The Court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The Court makes all reasonable inferences and resolves all doubts in favor of

the non-moving party.  *Lamay v. State*, 2012 VT 49, ¶ 6, 191 Vt. 635.  Nevertheless, the non-moving party cannot rely solely on the pleadings to rebut credible evidence. *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413.

Discussion

The Court now addresses the Petitioner's claim that his conviction for a third DUI violates the Ex Post Facto Clause.  The Petitioner argues the conviction violated the Ex Post Facto Clause because he committed the second DUI while 23 V.S.A. § 1210(d) allowed a fifteen year forgiveness period.  The Petitioner admits he was convicted of the second DUI after the legislature removed the fifteen year forgiveness period, but argues the Court should use the date of the offense rather than the conviction date.  The Vermont Supreme Court rejected this argument.  Nevertheless, the Petitioner seeks post-conviction relief because the Supreme Court "nearly overlooked [his argument] but for a footnote on page two of the brief opinion." Petitioner's Motion for Partial Summary Judgment at 10 (Apr. 17, 2013).

The Vermont Supreme Court addressed the Petitioner's claims in his appeal. *Day*, 2012 WL 6633576.  The court noted the Petitioner argued "the trial court erred in denying the motion because his sentence violated the Ex Post Facto Clause." *Id.* *1.  The court then discussed its precedent indicating his conviction did not violate the ex post facto clause. *See State v. Delisle*, 171 Vt. 128, 133 (2000).  In a footnote, the court acknowledged the Petitioner tried to distinguish his case from the precedent.  The court wrote: "Although defendant appears to suggest in his brief that both offenses occurred before July 1991 for the purposes of applying the sentence enhancement, the record shows—to the contrary—that one conviction occurred in June 1986 and the other in November 1991, after the July 1, 1991 amendment." *Id.* n.1. Additionally, the

3

Vermont Supreme Court confirmed it understood the Petitioner's argument when Petitioner made a request to clarify under V.R.A.P. 40.

This Court will not disrupt the Vermont Supreme Court's ruling. Under V.R.A.P. 33.1(d), unpublished decisions by a three justice panel may be controlling for issues of claim preclusion, issue preclusion, the law of the case, or similar issues involving the same parties.[1]

> The elements of issue preclusion are: (1) preclusion is asserted against one who was a party or in privity with a party in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair.

*State v. Dann*, 167 Vt. 119, 126 (1997) (internal quotations omitted). The Court can find the appellate decision binding if it satisfies the factors for issue preclusion. *See* V.R.A.P. 33.1(d).

The Petitioner's claims are blocked by issue preclusion. The same parties, the Petitioner and the State, are involved in both this proceeding and the previous proceeding. The Vermont Supreme Court decided this issue on direct appeal, as indicated by its footnote. Even if this Court believed the Vermont Supreme Court misunderstood the Petitioner's legal argument on direct appeal, the entry order on the Petitioner's request to clarify confirms Vermont Supreme Court understood his argument. Petitioner raises the same issue in this petition for post-conviction relief. Petitioner had an opportunity to litigate his case on direct appeal and even filed a request to clarify. Further, precluding the Petitioner from arguing this issue is fair because the Superior Court does not review Supreme Court decisions. Accordingly, the Petitioner is precluded from arguing his conviction violated the Ex Post Facto clause. The Court must grant summary judgment in favor of the State on Petitioner's Ex Post Facto Clause argument because

---

[1] V.R.A.P. 33.1(d) has been recently amended, but the amendment does not change the substance of the rule as it applies to this case. See 2013 Vermont Court Order 0007 (C.O. 0007).

there are no disputed material facts and the State is entitled to judgment as a matter of law. *See* V.R.C.P. 56(a). The Court does not reach the other issues raised by the filings.

## **ORDER**

The Court *denies* the Petitioner's motion for partial summary judgment. The Court *grants* partial summary judgment to the State on the alleged violation of the Ex Post Facto Clause.

Dated at Bennington, Vermont on August 13, 2013.

_____

Cortland T. Corsones
Superior Court Judge

5