2014 VT 95

# In re Nick Manosh

[108 A.3d 212]

No. 13-280

Present: Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.

Opinion Filed August 14, 2014

*Paul Volk* of *Blodgett, Watts, Volk & Sussman, P.C.*, Burlington, for Petitioner-Appellee.

*Gregory S. Nagurney*, Deputy State's Attorney, Montpelier, for Respondent-Appellant.

¶ 1. **Robinson, J.** The question in this case is whether, in response to a post-conviction relief (PCR) petition, the court erred in vacating petitioner Nick Manosh's 1992 conviction for a misdemeanor count of driving under the influence (DUI) based on the sentencing court's failure to comply with Vermont Rule of Criminal Procedure 11 in taking petitioner's no-contest plea. The State appeals, arguing that the PCR court failed to take into account petitioner's written waiver of his Rule 11 rights, and that the sentencing court's colloquy substantially complied with Rule 11. We affirm.

¶ 2. The following facts are undisputed. On February 3, 1992, petitioner pleaded no contest to one count of DUI, first offense, in violation of 23 V.S.A. § 1201. Petitioner entered this plea after conferring with counsel, a public defender whom petitioner had met earlier that day. Prior to appearing before the sentencing court, petitioner signed a form entitled "Waiver of Arraignment and Request to Enter Plea." The waiver form states, "I understand that as a defendant in a criminal case I have certain constitutional and statutory rights. I understand that I may plead not guilty to this offense, and that the State would then have to prove me guilty beyond a reasonable doubt." The form lists the

various rights defendant was giving up by pleading guilty, including the rights to remain silent regarding the charged offense, to have a trial by jury, and to question witnesses testifying against him. The form further states:

> No threats or force have been used against me by anyone to try to make me plead guilty or nolo contendere. I plead guilty or nolo contendere of my own choice, freely and voluntarily. No promises have been made to me by anyone for the State except those which are contained in the attached Notice of Plea Agreement. I agree that there is a factual basis for my plea of guilty or nolo contendere, supported by the affidavit.

¶ 3. During the proceeding, the sentencing court discussed the factual basis for the DUI charge with defendant's lawyer and the state's attorney and acknowledged receiving the "waiver of certain rights document" signed by petitioner. The court asked petitioner if he understood "what's been said and what's in these documents," to which petitioner replied "yes." The court then asked if petitioner had "any question about anything," to which he replied "no." Beyond that brief exchange, the court did not substantively engage petitioner regarding his right to plead not guilty, his privilege against self-incrimination, his right to a jury trial, the voluntariness of his plea, or the factual basis for his plea.

¶ 4. In 2010, petitioner was convicted of a third DUI, this time a felony third offense. He was sentenced to eighteen months to ten years to serve. The court relied on the 1992 misdemeanor DUI conviction as one of two predicate offenses.

¶ 5. In November 2012, petitioner filed a PCR petition, arguing that the 1992 sentencing court failed to comply with Rule 11 because it did not ensure that the plea was voluntary, or personally address petitioner concerning his rights to plead not guilty, to a trial by jury, to confront witnesses against him, and against self-incrimination. After reviewing the transcript of the 1992 sentencing hearing, the PCR court agreed and vacated petitioner's 1992 conviction. In vacating the conviction, the PCR court held that the sentencing court did not comply with Rule 11 because it failed to affirmatively engage petitioner to determine that the plea was intelligent and voluntary. The State appealed.

¶ 6. The State argues that the trial court's failure to consider petitioner's written waiver of his Rule 11 rights constitutes

reversible legal error. The State notes that Vermont Rule of Criminal Procedure 43 permits pleas in misdemeanor prosecutions in a defendant's absence if the defendant signs a written waiver form, V.R.Cr.P. 43(c)(2), and argues that in *State v. Morrissette* this Court relied heavily on the petitioner's written waiver in holding that the trial court's limited plea colloquy substantially complied with Rule 11. *State v. Morrissette*, 170 Vt. 569, 571, 743 A.2d 1091, 1093 (1999) (mem.).

¶ 7. Petitioner argues that Rule 43 does not apply here because petitioner appeared personally in court to enter his plea, see V.R.Cr.P. 43(c)(2), and Rule 11 does not allow a written waiver form to substitute for the court's personally addressing petitioner in open court. Petitioner distinguishes *Morrissette* on its facts.

¶ 8. There are no disputed facts in this case, and on appeal we apply a de novo standard of review to the lower court's legal rulings.[1] *In re Kirby*, 2012 VT 72, ¶ 5, 192 Vt. 640, 58 A.3d 230 (mem.).

¶ 9. ■■ ■ In *Boykin v. Alabama* the U.S. Supreme Court held that a trial judge could not accept a guilty plea "without an affirmative showing that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Rule 11(c) and (d) reflects the standardized procedures Vermont courts must follow in meeting the *Boykin* requirements. Reporter's Notes, V.R.Cr.P. 11. Rule 11(c) provides that a court may not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing the defendant of: the nature of the charge; the mandatory minimum penalty, if any; the maximum possible penalty; the defendant's right to plead not guilty; and the rights waived by pleading guilty or nolo contendere, including the privilege against self-incrimination, the right to a trial by jury, and the right to confront adverse witnesses. V.R.Cr.P. 11(c). Rule 11(d) states that "the court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or promises apart from a plea

---

[1] Whether the PCR court's decision below constituted a ruling on the merits based on a stipulated record submitted by the parties or a summary judgment ruling pursuant to Vermont Rule of Civil Procedure 56(f) is not entirely clear. Because the only question before us is the application of the law to the undisputed facts, our review is de novo in any event.

agreement." The Rule 11 colloquy is more than simply "a technical litany"; it secures constitutionally protected rights. *In re Parks*, 2008 VT 65, ¶ 8, 184 Vt. 110, 956 A.2d 545.

¶ 10. Both subsections (c) and (d) of Rule 11 require the court to address the defendant personally and in open court. However, these requirements are both subject to exceptions found in Rule 43(c).[2] Rule 43 requires that a defendant be present in court for various proceedings. It contains the following exception:

> In prosecutions for misdemeanors, the defendant, with the consent of the court, may waive appearance under Rule 5 in writing and the court, with the written consent of the defendant and the state's attorney, may permit arraignment, pleas of guilty, nolo contendere or not guilty, trial, and imposition of sentence in the defendant's absence.

V.R.Cr.P. 43(c)(2).

¶ 11. The primary question before the Court is whether, in light of Rule 43 and defendant's written waiver, compliance with the Rule 11 requirement that a court personally address a defendant in open court is excused in this case. A secondary question is whether, if no exception to the Rule 11 requirement of a colloquy in open court applies, the colloquy in this case substantially complied with Rule 11.

I.

¶ 12. ■ Rule 43(c)(2) authorizes defendants in misdemeanor prosecutions to permit the court to accept a plea of guilty or no contest and impose a sentence in the defendant's absence. The Reporter's Notes explain that this provision "gives the court discretion to permit absence when to be present would cause hardships that would outweigh any advantages." Reporter's Notes, V.R.Cr.P. 43.

¶ 13. ■ The State does not suggest that petitioner waived his presence in court in connection with the 1992 plea, or that the sentencing court proceeded in his absence pursuant to this rule.

---

[2] Rule 11 was amended in 2013 to add an explicit cross-reference to Rule 43 as an exception to requiring a plea colloquy. Reporter's Notes — 2013 Amendment, V.R.Cr.P. 11. The Reporter's Notes explain that the reference to Rule 43 was added to clarify the longstanding practice of accepting pleas by waiver in certain misdemeanor cases. *Id.*

Petitioner signed a waiver form and then appeared in court personally to enter his no-contest plea. The court did not exercise its discretion to permit petitioner's absence, and made no findings that appearing in person would impose hardship on defendant. It had no reason to: defendant was there. The sentencing court engaged in a minimal exchange with him before accepting his plea. Under these circumstances, we cannot conclude that petitioner waived his presence pursuant to Rule 43(c)(2).

¶ 14. ■ The State essentially argues that by signing the waiver form in connection with the 1992 plea, petitioner effectively waived the protections of the Rule 11 colloquy, even though he did not technically waive his appearance. We reject the State's argument for two reasons. First, it expands the scope of Rule 43 significantly beyond the rule's plain language and purpose. Rule 43 addresses the circumstances in which a criminal defendant is required to be present at a court proceeding. Although in some instances a defendant's waiver of appearance may lead to a waiver of important rights, the focus of the rule is defendant's presence, or absence, in court. The rule does not purport to directly address waivers of important rights except to the extent they are incident to a defendant's absence.

¶ 15. ■ Rule 43(c)(2) carves out a narrow exception to the requirement that a defendant be present in the courtroom that allows a court, under limited circumstances and with the consent of the State and defendant, to exercise its discretion to proceed in a defendant's absence. The suggestion that Rule 43(c)(2) allows a court to accept a defendant's written waiver of the rights protected by Rule 11, even when the defendant has not actually waived presence in court and the court has not exercised its discretion to allow such a waiver on the basis of hardship, dramatically expands the effect of Rule 43(c)(2) beyond its plain terms, and beyond the scope of Rule 43 more broadly.

¶ 16. ■ Some states expressly allow defendants charged with certain misdemeanors to waive, in writing, parts or all of the oral plea colloquy itself. See, e.g., Ala. R. Crim. P. 14.4(a) ("In all minor misdemeanor cases, the execution of a form . . . will be sufficient and no colloquy shall be required."); Iowa R. Crim. P. 2.8(2)(b) ("The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor."). Insofar as Vermont has

keyed its exception to the Rule 11 requirement of a colloquy in open court to a defendant's waiver of personal presence pursuant to Rule 43(c)(2), instead of to a waiver of the colloquy itself, we conclude that Rule 43(c)(2) only authorizes a court to accept a plea without personally addressing a defendant in open court pursuant to Rule 11 when a case meets the Rule 43 requirements — including the requirement that defendant waive presence in court.

¶ 17. ■ Second, because Rule 11 protects the constitutional rights of defendants who plead guilty or no contest, we are reluctant to dramatically narrow the reach of that rule. If we accepted the State's argument, courts could, in every misdemeanor case in which a defendant pleads guilty or no contest, dispense with personally addressing the defendant to ensure that the plea is voluntary, that the defendant understands the rights forgone as a result of the plea, and that the defendant acknowledges a factual basis for the plea. Rule 11 does not exempt all misdemeanor cases from the requirement that the court address the defendant personally in court. We decline to construe Rule 43(c)(2) in a way that would effectively create such an exemption.

## II.

¶ 18. ■ Given that the requirement that the court address a defendant personally in open court applied here, the remaining question is whether the colloquy in this case substantially complied with Rule 11. We have little difficulty in concluding that it did not. Apart from the written waiver form, which cannot substitute for the open-court colloquy, and the actual plea, the only questions the sentencing court actually addressed to petitioner were whether he understood "what's been said and what's in these documents," and whether petitioner had "any question about anything." Petitioner answered each of these questions with a single word — a "yes" and a "no," respectively.

¶ 19. ■ We have declined to award post-conviction relief for a failure to comply with Rule 11 in the absence of prejudice in cases in which the colloquy substantially complied with the requirements of Rule 11. See, e.g., *In re Hemingway*, 2014 VT 42, ¶ 8, 196 Vt. 384, 97 A.3d 896. In *Hemingway* we examined an otherwise-exemplary plea colloquy conducted by a sentencing court that failed to ask petitioner specifically whether his plea was voluntary

and free of undisclosed coercion or promises. This Court concluded that the sentencing court's finding that the plea was voluntary and free of coercion was supported by the totality of the circumstances, including the facts that the court did engage in a substantial give-and-take with the petitioner, the court advised the petitioner of the important constitutional rights he was waiving, the presence of counsel, and the petitioner's failure to object to the court's finding of voluntariness. *Id.* ¶ 15. We accordingly held that the PCR court substantially complied with Rule 11 and, in the absence of prejudice, declined to set aside the conviction. *Id.* ¶ 25.

¶ 20. On the other hand, we have readily set aside convictions for wholesale Rule 11 noncompliance, even in the absence of a finding of prejudice. See *Parks*, 2008 VT 65, ¶ 22. In *Parks* the sentencing court did not personally address the defendant at the change-of-plea hearing, except to ask for his plea on the assault-and-robbery charge; in no way ensured that the defendant understood the nature of the charges to which he was pleading; did not question the defendant regarding his understanding of the potential sentence to which he would be subject; did not determine whether the defendant understood his right to maintain a plea of not guilty; failed to ensure that the defendant knew and understood that by pleading nolo he would waive important constitutional rights that are personal to the defendant, including the right to trial by jury; and failed to ask the defendant whether he was entering the plea voluntarily. *Id.* ¶ 10.

¶ 21. This case clearly falls on the *Parks* end of the spectrum. We are not dealing here, as in *Hemingway*, with an otherwise-thorough exchange with a defendant in which the court failed to specifically ask one of the prescribed questions but nonetheless had sufficient grounds for finding that the plea was voluntary. In this case, in contrast to *Hemingway*, the sentencing court did not make a finding of voluntariness on the record that we could assess in light of the totality of the circumstances. As in *Parks*, the sentencing court in this case "completely failed to engage in an open dialogue with the defendant involving a discussion of all of the Rule 11(c) and (d) elements to the end that the record substantiated that the defendant knew and understood the full array of legal consequences that attached to his plea agreement." *Parks*, 2008 VT 65, ¶ 11 (internal quotation omitted). The trial court here also did not ask defendant about the factual basis for

his plea. V.R.Cr.P. 11(f). The PCR court in this case correctly concluded that the 1992 sentencing court completely failed to comply with Rule 11, and that petitioner's 1992 conviction should be vacated on that basis.

¶ 22. The State argues that this case is on all fours with *State v. Morrissette*. In that case, a defendant facing a third DUI charge challenged one of his predicate convictions on the ground that the Rule 11 colloquy was inadequate. The defendant had, in the underlying action, signed a waiver-of-rights form that addressed most of the matters required in a Rule 11(c) inquiry, as well as a "Notice of Plea Agreement" form. At the change-of-plea hearing, the court asked the defendant if he had examined and understood the waiver of rights form, and the defendant said that he had. The court asked the defendant whether he had any questions, and the defendant said he did not. On appeal, this Court concluded that the sentencing court had substantially complied with Rule 11, pointing to the straightforward nature of the charge, the lack of evidence that the defendant was not competent to understand his situation, the defendant's execution of the waiver forms and written plea agreement, the court's inquiry confirming that the defendant understood the documents, and the defendant's stipulation to the factual basis for the charge. 170 Vt. at 571, 743 A.2d at 1093.

¶ 23. ■ ■ To the extent that we suggested in *Morrissette* that a waiver-of-rights form signed by a defendant can substitute for the court's personally addressing a defendant in open court for the purposes of Rule 11(c), (d) or (f), or that a defendant's one-word acknowledgment of signing and understanding the waiver form is a sufficient basis for the court's conclusion that the plea is knowing and voluntarily made, we overrule that decision as inconsistent with the requirements of Rule 11 and our more recent case law. See *State v. Willard-Freckleton*, 2007 VT 67A, ¶ 10, 183 Vt. 26, 949 A.2d 416 (noting that, although we are generally bound to follow past precedent by the principles of stare decisis, we will overrule precedent when an earlier decision is simply wrong).

¶ 24. ■ Rule 11 clearly requires that the court deliver personally, and in open court, its advice to a defendant concerning the nature of the charge, the potential penalties, the defendant's right to plead not guilty, and the constitutional rights a defendant

waives by pleading guilty. V.R.Cr.P. 11(c). It requires that the court's determination that the plea is voluntary and without coercion or ancillary promises be based on a colloquy in open court. *Id.* 11(d). It requires that the court address the defendant in connection with the accuracy of the plea. *Id.* 11(f); see also *In re Stocks*, 2014 VT 27, ¶ 15, 196 Vt. 160, 94 A.3d 1143.[3] And it reinforces the above requirements by expressly requiring a written record of the court's advice to the defendant, inquiry into voluntariness, and inquiry into the accuracy of the plea. V.R.Cr.P. 11(g). A court cannot short-circuit the express requirement of personally addressing a defendant concerning these matters by relying on a written form signed by the defendant.

*Affirmed.*

¶ 25. **Skoglund, J.,** dissenting. The majority rules, as a matter of law, that if one is present in the courtroom when a judge considers his plea, a full colloquy must still ensue if the defendant, by his presence, has failed to actually waive his appearance in court pursuant to Vermont Rule of Criminal Procedure 43(c)(2).[4] The logic of this decision eludes me. Pursuant to Rule 43, the trial courts have a longstanding practice of accepting pleas by waiver in certain misdemeanor cases. If the waiver form is valid when a defendant is not present before the court, how can it be invalid if the defendant is present in the courtroom and the judge supplements the information on the form by asking the defendant if he understood the forms he signed and if he has any questions? This is not "a practical and functional application" of the requirements of Rule 11, *State v. Ploof*, 162 Vt. 560, 563, 649 A.2d 774, 776-77 (1994), and strikes me as a mechanical approach to application of the Rules of Criminal Procedure and the court processes they satisfy. I dissent.

---

[3] We note Rule 11(f) because the sentencing court in *Morrissette* did not comply with its requirements, further supporting our decision to overrule *Morrissette*. We are not basing our decision in this case on the 1992 PCR court's noncompliance with Rule 11(f).

[4] Citing to the Reporter's Notes for Rule 43(c)(2), which in turn cite to 3 C. Wright, Federal Practice and Procedure § 721 (1969), the majority holds that the court's discretion to accept a waiver under Rule 43(c)(2) is limited to those circumstances where to be present would cause hardships that would outweigh any advantages. *Ante,* ¶ 12. That concept is absent from Rule 43. All Rule 43 requires before the court may give consent to the defendant's absence is that the waiver be in writing and have the consent of the defendant and the state's attorney.

¶ 26. In his request for post-conviction relief (PCR), petitioner moved to strike his 1992 conviction for driving under the influence, first offense, claiming his plea and sentence were obtained in an unconstitutional manner that did not comply with the applicable portions of Vermont Rule of Criminal Procedure 11. V.R.Cr.P. 11(c), (d). While the PCR court found a failure to meet the Rule 11 requirements and struck the 1992 conviction, its decision failed to mention or consider the fact that petitioner signed a "Waiver of Arraignment and Request to Enter Plea" form. The decision was based solely on the transcript of the 1992 hearing wherein the sentencing court accepted petitioner's no contest plea. There is no analysis of whether the form satisfied the requirements of Rule 11.

¶ 27. Most notably, the decision failed to mention this Court's decision in *State v. Morrissette*, 170 Vt. 569, 743 A.2d 1091 (1999) (mem.), which, I suggest, is a first cousin to this case. Of course, to reach its conclusion that a waiver is invalidated by a defendant's presence, the majority overrules our decision in *Morrissette*, declaring the decision to be simply wrong. *Ante*, ¶ 23. I suggest that if *Morrissette* is wrong, then *State v. Delisle*, 171 Vt. 128, 758 A.2d 790 (2000), is probably terminal as well.

¶ 28. While the majority uses a footnote to dismiss the confusion over what the PCR court below was actually deciding, I find it an important element of the analysis. *Ante*, ¶ 8 n.1. There was no "stipulated record submitted by the parties" that could substitute for a merits hearing. And, if the PCR court was deciding a summary judgment motion, the affidavit of petitioner submitted in response to the State's motion for summary judgment can surely be considered self-serving at best, and is contested by the State.[5] So, however the trial court's decision came about, it contains various facts that were *never* admitted into evidence, such as "[t]he public defender did not advise Petitioner of potential problems with his arrest including the use of a processing form later deemed unconstitutional[6] and the police's failure to provide

---

[5] Even on appeal the State is confused by the process: "Although the procedural basis for this determination is not plainly stated in the court's written decision, it appears the court relied on Vermont Rule of Civil Procedure 56(f)(3), which permits summary judgment independent of the motion of either party."

[6] The form was found unconstitutional because it failed to inform individuals of a twenty-four hour attorney hotline established to ensure that a person could exercise his or her right to speak with an attorney before deciding whether or not

Petitioner access to an attorney before he submitted to an evidentiary test." The genesis and basis of the court's decision remains a mystery and should preclude appeal.

¶ 29. But, to continue, in a post-conviction relief challenge, it is the petitioner's burden to come forward with objective evidence that his waiver was not knowing and intelligent. *Delisle*, 171 Vt. at 132-33, 758 A.2d at 793-94. Pretending for the moment that the court decided this matter as a summary judgment, there are facts in dispute. Petitioner relies on statements contained in his affidavit, made more than twenty years after his waiver. This cannot be sufficient to meet his burden. In *In re Stevens*, 144 Vt. 250, 255, 487 A.2d 212, 215 (1984), we held that the petitioner's ad hoc claim that he misunderstood the rights surrendered by his plea of guilty was insufficient to meet his burden to produce "objective proof reasonably justifying his mistaken impression." We called his suggestion to accord his persistent claim of mistaken belief "objective" weight the "most specious of arguments." *Id.* at 256, 487 A.2d at 215. We continued, "[n]othing could be more subjective than petitioner's own testimony about what he thought, unsupported by reference to specific circumstances or persons. We will accord no objective weight to such testimony." *Id.* The same should hold true here.

¶ 30. At the 1992 hearing, the sentencing court's inquiries to petitioner were strikingly similar to those we embraced in *Morrissette*. 170 Vt. at 570, 743 A.2d at 1092. There, the defendant had also signed a "Waiver of Rights and Request to Enter a Plea" form and a "Notice of Plea Agreement" form. And, the defendant appeared before the court, as did petitioner here. The *Morrissette* court asked the defendant if he had examined the waiver-of-rights form and if he understood it. The defendant replied affirmatively. The court asked if the defendant had any questions regarding his plea and he said he did not. We found that the court had substantially complied with Rule 11. *Id.* at 571, 743 A.2d at 1093. We did not discount there the executed waiver forms and written plea agreement and the court's questions to the defendant regarding his understanding of the same. We held the defendant's plea to be valid. *Id.*

---

to submit to an evidentiary test, regardless of income. *State v. Madonna*, 169 Vt. 98, 103, 726 A.2d 498, 501 (1999). This shortcoming is unrelated to the issues presented in this case.

¶ 31. In *Delisle*, a case decided in 2000, the defendant argued that the State could not prove that his 1983 plea was knowing and voluntary. 171 Vt. at 129, 758 A.2d at 791. In 1983, the defendant was convicted of misdemeanor DUI in absentia and without counsel, based upon his signature to a notice-of-plea-agreement form. The case record included a letter to the defendant from the court indicating enclosure of "the approved Plea Agreement and Waiver," but the file contained no signed waiver-of-rights form apropos of Rule 43(c)(2). *Id.* We noted, because the defendant did not appear in court, "there was no oral Rule 11 colloquy." *Id.* Yet we affirmed his conviction based in large part on the presumption of regularity that attaches to final judgments, " 'even when the question is waiver of constitutional rights.' " *Id.* at 131, 758 A.2d at 792 (quoting *Parke v. Raley*, 506 U.S. 20, 29 (1992)). We held that the defendant had to "do more than point to an ambiguous or incomplete record. He must produce evidence that his prior plea was invalid." *Id.* at 132, 758 A.2d at 794.

¶ 32. The purpose of Rule 11(c)-(d) is to assure that a plea is knowingly and voluntarily made. "Toward this end, we have required a practical application of the rule ensuring fairness, rather than a technical formula to be followed." *Morrissette*, 170 Vt. at 571, 743 A.2d at 1092. All we require is "substantial compliance" with the requirements of the rule. *Id.* at 571, 743 A.2d at 1093. As we said in *Morrissette*, "matters of reality, and not mere ritual, should be controlling." *Id.* (quotation omitted). The reality here is that petitioner, represented by competent counsel, signed a waiver form designed to take the place of a full colloquy with the judge — a form that specifically informed him of the charges against him, the maximum sentences allowed for those charges, and his rights, including all those rights he would give up by pleading no contest. Then, the judge asked him if he understood what he had signed and if he had any questions. The judge read each charge to petitioner and asked for his plea. And, the judge offered him his right to allocution, which petitioner declined. How can this not be substantial compliance with the requirements of Rule 11? The waiver-of-arraignment form covered all the rights required in a Rule 11(c) colloquy. It also specifically addressed the requirements of Rule 11(d) concerning the voluntariness of his plea and a stipulation that there was a factual basis for same.

¶ 33. This case does not equate to the "wholesale failure" of Rule 11 compliance we discussed in *In re Parks*, 2008 VT 65, ¶ 10,

184 Vt. 110, 956 A.2d 545. In *Parks* there was absolutely no record demonstrating that the defendant's plea and consequent waiver of constitutional rights was knowing and voluntary; no discussion with the defendant about the constitutional rights he was waiving in entering into a plea agreement. In *Parks* the court never addressed the defendant at the change-of-plea hearing, except to ask for the plea. That does not resemble in any way the process afforded petitioner in this case.

¶ 34. With this decision, the waiver form contemplated by Rule 43(c)(2) is worthless and fails to substitute for a full Rule 11 colloquy if the defendant enters the courtroom. Only if he stays away from the courtroom can the waiver form fulfill its function and be relied upon by the court.

¶ 35. I dissent.