Filed 12/22/23

VERMONT SUPERIOR
COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04063

---

**Vermont Attorney General's Office v. OneCare Vermont**

---

Opinion and Order on OneCare's Motion to Stay

In this case, Petitioner the Vermont Attorney General's Office, on behalf of the

Green Mountain Care Board (GMCB), seeks to enforce an administrative subpoena

issued to Respondent OneCare Vermont compelling the production of certain documents

related to benchmarking data, and related information, used by OneCare to set certain

employee salaries and bonuses. *See* 3 V.S.A. § 809a (subpoena enforcement). OneCare

has produced some responsive information but has refused to produce the more granular

information currently sought by the GMCB.[1] OneCare opposes production because, in its

view, the information is irrelevant to any legitimate regulatory authority of the GMCB.

Particularly, OneCare argues that the information is relevant only if the GMCB has the

power to control salaries (or set salary caps) of specific OneCare employees. Because the

question of the GMCB's power to set salary caps is currently before the Supreme Court in

a separate case, OneCare seeks a stay of this case pending the outcome of that case. *In*

*re Amendment #1 to FY23 Accountable Care Organization Budget Order (OneCare*

---

[1] Generally speaking, at issue is information addressing the "how and why" certain
salaries and incentives are set rather than their absolute amounts.

*Vermont Accountable Care Organization)*, 23-AP-290 (the Supreme Court case).[2] The substance of the GMCB petition to enforce is not currently before the Court. The Court addresses here only OneCare's motion to stay.

Whether to issue a stay is a matter of judicial discretion. The party requesting a stay has the burden of showing that the circumstances justify an exercise of that discretion. See Clinton v. Jones, 520 U.S. 681, 708 (1997). *See also Nken v. Holder*, 556 U.S. 418, 433–35 (2009) (pointing to factors that may guide a court's discretion).

In this instance, OneCare had failed to convince the Court that a stay is warranted pending the outcome of the Supreme Court case. The chief reason offered in support of a stay is that the Supreme Court may rule one way or the other on the GMCB's regulatory authority to set salary caps. The implication is that if the GMCB is determined to have that power, then OneCare may voluntarily stop resisting the subpoena. Or, if the GMCB is determined not to have that power, then it will be clear that the subpoena is unenforceable because it seeks information irrelevant to its authority.[3]

The Court is not persuaded that the Supreme Court's ruling necessarily will have either impact on this case. Plainly stated, the issue in this case is the breadth of GMCB's

---

[2] Initially, the GMCB responded to OneCare's motion to stay by filing a motion to continue in which it argued that the Court should hold a hearing on its petition to enforce the subpoena and only then consider OneCare's motion to stay. The GMCB's motion to continue ignored the point of OneCare's motion, to stay this case until the Supreme Court rules so that any hearing on the petition to enforce may be avoided altogether or at least would be informed by that ruling. The Court denied the GMCB's motion to continue in a December 11 entry, instructing it to file any substantive objection to a stay by December 20, which it has done. OneCare has also submitted a Reply.

[3] A third possibility unaccounted for in OneCare's briefing is that the Supreme Court could rule on one of the alternative bases for relief sought in that case and altogether avoid the issue that ostensibly matters here.

right of access to information, not what the GMCB is empowered to do with that information. OneCare's beliefs about the GMCB's underlying motivations for requesting the information—that it will use the information to set salaries—cannot control the breadth of the GMCB's entitlement to it. Indeed, the GMCB has proffered examples of other uses to which such information might be relevant that, arguably, fall within the ambit of its regulatory authority.

OneCare is Vermont's only accountable care organization (ACO). An ACO is "an organization of health care providers that has a formal legal structure, is identified by a federal taxpayer identification number, and agrees to be accountable for the quality, cost, and overall care of the patients assigned to it." 18 V.S.A. § 9571(a). It is pervasively regulated by the GMCB. *See* 18 V.S.A. §§ 9371–9383; *see also Vermont State Auditor v. OneCare Accountable Care Org., LLC*, 2022 VT 29, ¶ 22, 216 Vt. 478.

The GMCB is charged with executing "its duties consistent with the principles expressed" in 18 V.S.A. § 9371. *Id.* § 9375(a). Those principles include making Vermont's "health care system . . . transparent in design, efficient in operation, and accountable to the people," *id.* § 9371(3), evaluating it "for improvements in access, quality, and cost containment," *id.* § 9371(9), establishing "mechanisms for containing all system costs and eliminating unnecessary expenditures, including by reducing administrative costs and by reducing costs that do not contribute to efficient, high-quality health services or improve health outcomes," *id.* § 9371(10), and ensuring that health care financing is "sufficient, fair, predictable, transparent, sustainable, and shared equitably," *id.* § 9371(11). As relevant here, in "reviewing, modifying, and approving the budgets of ACOs," the GMCB "shall review and consider," "the character,

competence, fiscal responsibility, and soundness of the ACO and its principals," 18 V.S.A. § 9382(b)(1)(D), as well as "information on the ACO's administrative costs, as defined by the" GMCB, *id.* § 9382(b)(1)(M).

No doubt, under the GMCB's Oversight of Accountable Care Organizations Rules, an ACO's governing body "has ultimate authority and responsibility for the oversight and strategic direction of the ACO and for holding management accountable for the ACO's activities." Vt. Admin. Code 4-7-5:5.202(a)(4). Nevertheless, the ACO is expected to supply information annually to help enable the GMCB to undertake its own review duties, including:

> 1. information on the ACO's structure, composition, ownership, governance, and management;
>
> 2. the ACO's proposed budget for the next Budget Year, including detailed information on the ACO's expected expenditures, costs of operation, and revenues . . .;
>
> 3. other financial information, such as information on the ACO's reserves, assets, liabilities, fund balances, other income, short- and long-term investments, rates, charges, units of service, and administrative costs, including wage and salary data;
>
> .   .   .
>
> 6. information on actions, investigations, or findings involving the ACO or its agents or employees;
>
> .   .   .
>
> 21. information on the ACO's efforts or plans to make its costs transparent and easy to understand for the public; and
>
> 22. such other information as the Board may require.

Vt. Admin. Code 4-7-5:5.403(a). It is noteworthy that, in the GMCB's review of ACO budgets, "the burden of justifying its proposed budget" is on the ACO, and the GMCB

appears to have discretion to determine which issues are relevant to its assessment. Vt. Admin. Code 4-7-5:5.405(a), (b)(4).

The GMCB is further empowered to "issue subpoenas, examine persons, administer oaths, and require production of papers and records" as needed to perform its duties. 18 V.S.A. § 9374(i); *see also* Vt. Admin. Code 4-7-5:5.503(a) ("The Board may use any and all powers granted to it by law to monitor an ACO's performance or operations or to investigate an ACO's compliance with the requirements of this Rule, other applicable laws or regulations, and decisions and orders of the Board. Such reviews may be performed at any time.").

Simply stated, regardless of the GMCB's authority to set concrete salary caps for OneCare employees, the GMCB nevertheless appears to retain broad discretion to review OneCare finances, expenditures, wages, administrative costs, etc., in support of its larger regulatory duties. The Court cannot conclude that extent to which the GMCB may permissibly obtain and use the subject information is coextensive with the questions currently presented to the Supreme Court. As to the GMCB's access to information, there is no apparent efficiency in waiting for a ruling from the Supreme Court before addressing the petition to enforce the subpoena.

<u>Conclusion</u>

For the foregoing reasons, OneCare's motion to stay is denied. This case was pre-emptively set for a hearing on the petition to enforce to avoid further delay in the event that the motion to stay is denied. The hearing will go forward as scheduled.

Electronically signed on December 22, 2023, per V.R.E.F. 9(d)

_____
Timothy B. Tomasi
Superior Court Judge