Vermont Superior Court
Filed 01/17/24

SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04063

Vermont Attorney General's Office v. OneCare Vermont

Opinion and Order on the GMCB's Motion to Enforce

In this case, Petitioner Vermont Attorney General's Office, on behalf of the Green Mountain Care Board (GMCB), seeks to enforce an administrative subpoena that the GMCB issued to Respondent OneCare Vermont compelling the production of certain documents related to benchmarking data and related information used by OneCare to set certain employee salaries and bonuses.  *See* 3 V.S.A. § 809a (subpoena enforcement). OneCare has produced some responsive information but has refused to produce the more granular information currently at issue, which addresses the "how and why" certain salaries and incentives are set rather than their absolute amounts.

Section 809a provides: "In a proceeding to enforce a subpoena, if the petitioner establishes that the subpoena was properly issued, and that the person subpoenaed has failed to appear or to produce documents or things required, the court shall issue an order compelling compliance with the agency subpoena.  Otherwise, the court shall vacate or modify the subpoena."  3 V.S.A. § 809a(d).  "[S]ubpoenas will be upheld if within the agency's authority, 'not too indefinite,' and reasonably relevant."  *State v. Terry's Tips, Inc.*, No. 560-9-05 Wncv, 2005 WL 5895258 (Vt. Super. Nov. 15, 2005) (*quoting United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950)).

OneCare has argued, both in opposition to the GMCB's motion to enforce and in support of its own motion to stay, that the requested material is irrelevant to any lawful regulatory authority of the GMCB and that enforcement should be denied on that basis. It also has asserted that some of the records sought by the GMCB are subject to confidentiality provisions in contracts that OneCare has with third parties, ostensibly limiting its ability to produce some responsive material.

Essentially, OneCare's relevance argument is that the records sought by the GMCB are relevant only if it possesses the regulatory power to control directly the salaries of specific OneCare employees and that the GMCB lacks such authority. The Court implicitly rejected that argument at length in its December 22, 2023, Opinion and Order denying OneCare's Motion to Stay. There, the Court explained that the GMCB has "broad discretion to review OneCare finances, expenditures, wages, administrative costs, etc., in support of its larger regulatory duties." The Court could not conclude that the GMCB's broad right of access to information is co-extensive with any disputed authority to set salaries.

The Court now makes express what was strongly implied in the December 22 decision. Regardless of the GMCB's authority to set salaries, the Court is persuaded that the information it has sought from OneCare is relevant to its more general regulatory authorities, all as described in greater detail in the December 22 decision. In sum, the GMCB is charged with "reviewing, modifying, and approving the budgets of ACOs," such as OneCare. In doing so, it "shall review and consider," "the character, competence, fiscal responsibility, and soundness of the ACO and its principals," 18 V.S.A. § 9382(b)(1)(D), as well as "information on the ACO's administrative costs, as defined by the GMCB," *id.* §

9382(b)(1)(M). The GMCB is charged with executing such "duties consistent with the principles expressed" in 18 V.S.A. § 9371. *Id.* § 9375(a). Those principles include making Vermont's "health care system . . . transparent in design, efficient in operation, and accountable to the people," *id.* § 9371(3); evaluating it "for improvements in access, quality, and cost containment," *id.* § 9371(9); establishing "mechanisms for containing all system costs and eliminating unnecessary expenditures, including by reducing administrative costs and by reducing costs that do not contribute to efficient, high-quality health services or improve health outcomes," *id.* § 9371(10); and ensuring that health care financing is "sufficient, fair, predictable, transparent, sustainable, and shared equitably," *id.* § 9371(11).

In the Court's view, GMCB "plainly" has authority to review OneCare's financial records, including "wage and salary data," *Vermont State Auditor v. OneCare Accountable Care Org., LLC*, 2022 VT 29, ¶ 22, 216 Vt. 478, 489, to allow it to fulfill its oversight mission in the above areas.

The thrust of OneCare's contrary argument is that the GMCB's access to information should be limited in some manner so that, while it can have access to OneCare's records regarding wages and salaries on a macro level, it should be prevented from looking into those matters in depth. The Court sees no such express limitation in the statutes or rules, and certainly no such limitation can be implied in *Vermont State Auditor*. Obtaining the more granular salary benchmarking and incentive information sought by the subpoena is in keeping with and furthers the GMCB's expansive oversight responsibilities under the ACO regulatory scheme.

OneCare also argues that Judge Teachout's decision in *Expedia, Inc.* counsels in favor of quashing the subpoena in this case. The Court disagrees. In that case, the Department of Taxes had been auditing Expedia in relation to its rooms and meals tax liability. The matters in dispute were whether Expedia had liability as an "operator," and, if so, what were the taxable transactions. The Department could not explain what purpose the information it sought via subpoena would serve in the context of the litigation, and the Court could not "identify any fact or issue in controversy between the parties for which the discovery sought by the State might be relevant." *Expedia, Inc. v. Dep't of Taxes*, No. 119-2-18 WNCV, 2018 WL 11358600, at *2 (Vt. Super. May 07, 2018). In short, the Department of Taxes and Expedia were embroiled in concrete adversarial litigation over Expedia's tax liability, yet the Department was demanding information that had nothing to do with that controversy. The Court quashed the subpoena.

This case is very different. Here, the GMCB is exercising broad regulatory oversight of a pervasively regulated entity to ensure that its operation and function are consistent with aspirational statutory policies enacted in the public interest. The Court has identified above and in its earlier ruling the expansive scope of the matters GMCB is required to consider in executing those supervisory functions. The information sought is relevant to those pursuits.

Accordingly, the GMCB's motion is granted as to any responsive material that is not clearly subject to an express confidentiality agreement that OneCare may have with a third party.

As to the alleged confidentiality agreements, the GMCB has not disputed the applicability of any such agreements vis-à-vis subpoena enforcement.[1]  Instead, it has suggested that it is willing to agree to preserve the confidentiality of any such information, either with OneCare or the third parties, and to seek the third parties' assent to production, which it anticipates obtaining.  As to any responsive confidential documents, the GMCB's motion is granted to that extent.

Conclusion

For the foregoing reasons, the GMCB's motion to enforce is granted as follows:

(a)  OneCare shall promptly produce all responsive documents that are not clearly subject to an express confidentiality agreement that OneCare has with a third party.

(b)  As to any confidential materials, without delay the parties shall confer in good faith and, as necessary, make reasonable efforts to obtain assent from third parties for production to OneCare subject to a stipulated protective order.  When assent is obtained or determined to be unnecessary, relevant responsive material shall be produced promptly.

(c)  If any responsive confidential material has not been produced within 45 days, the GMCB may file, within 30 days thereafter, a new motion to enforce addressed to those circumstances.

Electronically signed on Tuesday, January 16, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge

---

[1] The alleged confidentiality agreements are not in the record.  The Court takes no position on whether they could properly operate to limit the GMCB's access to information within their scope.