Filed 01/15/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-01621

---

Vermont Office of the Auditor of Accounts et al v. Vermont Office of the Attorney General et al

---

## Opinion and Order on the Auditor's Request for Attorney's Fees

Following the Court's November 25 decision (the "Decision") dismissing this case and the entry of final judgment, the Auditor filed a Vt. R. Civ. P. 54(d)(2) request for attorney fees (over $100,000). The request extends from the Auditor's initial engagement of Gravel & Shea, P.C., before the Chittenden case to the present, encompassing all fees incurred in the representation of both the Auditor (official capacity) and Citizen Hoffer (personal capacity) in both cases. *See The Office of the Auditor of Accounts v. The Office of the Attorney General*, No. 23-CV-4963 (Vt. Super. Ct.).[1] For the reasons detailed below, the request is denied.

In his principal motion, the only authority the Auditor points to for such an award is *Grout v. Gates*, 97 Vt. 434 (1924), which says nothing explicit about a court-ordered award of attorney's fees. In *Grout*, the Secretary of State sued the State Auditor; the State Auditor had not sued anyone. Both officials presumably used funds already appropriated to their offices to pay for counsel as, at the end of the decision, the Supreme Court said: "The importance and difficulty of the questions here involved are such that the complainant was justified in bringing this action, and the defendant was equally justified in defending it. We therefore assume that the expenses on both sides, including counsel fees, will be, as they should, paid by the state." *Id.* at 454. There is no indication in the decision that the Attorney General had anything to do with the case, much less the reimbursement of anyone's counsel fees. Nor is an assumption that fees will be paid by the State the equivalent of a court order compelling the payment from an unwilling State financial pocket. *Grout* does not sanction the Auditor's request.

In his Reply Memorandum, the Auditor appears to clarify that an award is warranted due to the AG's failure to comply, as he sees it, with Agency of Administration Bulletin 3.5 (Procurement and Contracting Procedures) and Bulletin 17.10 (Employment of Private Counsel). The argument is tardy and not cognizable on that basis. Further, the request for fees amounts either to a request for an order to compel the AG now to

---

[1] The Auditor did not seek a fee award in the Chittenden case, which was dismissed on grounds of improper venue. Citizen Hoffer also did not seek an award of fees regarding his claims. The motion makes no attempt to differentiate and allocate fess among the various lawsuits, claims, and litigants. Given the Court's threshold determination as to the question, it need not delve into those matters.

comply retroactively with those Bulletins or for the equivalent of an award of fees as damages for not having done so previously. Either way, these are substantive claims that should have been pled and proven if the Auditor sought this sort of relief. A review of the complaint, though, reveals no such claim for fees. Likewise, a review of the lengthy legal memoranda submitted in connection with the motion to dismiss also shows no such claim, and the Court did not rule on the unasserted claim. Not until now has the Auditor argued that the AG is directly responsible for paying the Auditor's attorney fees, as opposed to having some responsibility to approve the hiring of private counsel.

Nor can the Auditor find succor in Vt. R. Civ. P. 54. Rule 54 is entirely inapplicable in these circumstances. As the Reporter's Notes plainly say: "Rule 54(d)(2)(A) makes clear that the procedure under the rule *does not* apply to fees that are to be pleaded and proved as an element of substantive damages, either in the pending action or in a separate action." Reporter's Notes—1996 Amendment, Vt. R. Civ. P. 54 (emphasis added).

Lastly, while it need not reach the issue to resolve the present motion, consistent with the Decision, any argument that the Auditor has some right to sue to obtain attorney's fees from another Executive Officer in this context would run smack into the Supreme Court's holding in *Vermont State Auditor v. OneCare Accountable Care Org., LLC*, 2022 VT 29, ¶ 18, 216 Vt. 478, 487, and its determinations as to the limited scope of the Auditor's powers.

<u>Conclusion</u>

In light of the foregoing, the Auditor's motion is denied.

Electronically Signed on January 10, 2025, per V.R.E.F. 9(d)

Timothy B. Tomasi
Superior Court Judge