Filed 09/25/25

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT  05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-01368

---

**Tyler Hirchak et al v.  Garret Hirchak**

---

### ORDER ON MOTION TO DISMISS

In this case, plaintiffs Tyler Hirchak and Thomas (Toby) Hirchak, III, have brought claims against their brother Garret Hirchak for breach of contract and unjust enrichment arising from Garrett's alleged failure to make payments pursuant to an alleged agreement that Garret struck with the parties' father concerning the sale of a property in Morrisville. Pending before the court is Garrett's motion to dismiss the complaint for failure to state a claim, or in the alternative, for failure to join indispensable parties. For the reasons set forth below, the motion to dismiss is granted.

### Background

The following summary is based on the allegations in plaintiffs' complaint and the documents referenced therein.

Tyler, Toby, and Garrett are brothers. Thomas is their father. All have worked overed the years in various capacities with Thomas's auctioneering business. Plaintiffs expected to take over the business. In 2015, the business acquired an abandoned skating rink and building for the business located at 74 Bridge Street in Morrisville. Plaintiffs performed substantial work on the property and began using it for auctions.

At some point in 2017, to plaintiff's surprise, Thomas made a deal with Garrett to sell the Bridge Street property to one of Garrett's business entities for $2,750,000. The purchase price was later reduced to $2,475,000. The complaint alleges that this reduction was part of an agreement to compensate plaintiffs for their loss of the Bridge Street property, and that Thomas and Garrett agreed that 90% of the original sale price ($2,475,000) would be paid to Thomas and the remaining 10% ($275,000) would be paid directly to plaintiffs.

The complaint alleges that Garrett took possession of the Bridge Street property in December 2017 and paid a $300,000 down payment to Thomas, and that the remaining balance of $2,175,000 is subject to a promissory note. In support of his motion to dismiss, Garrett has provided a November 2019 purchase and sale agreement to convey the property from 704 Bridge Street LLC to Sunrise Development LLC. The agreement indicates that a

$50,000 deposit was to be paid upon signing; $250,000 was to be paid at closing which was to occur on or before January 3, 2020; and the remaining $2,450,000 was to be paid pursuant to a 20-year mortgage and promissory note. The agreement is signed by Thomas on behalf of 704 Bridge Street LLC and by Garrett on behalf of Sunrise Development LLC. In their opposition to the motion to dismiss, defendants have provided a December 2019 addendum to the purchase and sale agreement—signed by Garrett on behalf of Sunrise Development LLC but with a blank signature line for Thomas to sign on behalf of 704 Bridget Street LLC—that reduced the purchase price to $2,475,000 and the financing amount to $2,175,000. The addendum makes no other amendments to the purchase and sale agreement.

Garrett has also provided a January 7, 2020 promissory note and mortgage for $2,175,000 between 704 Bridge Street LLC, as lender, and 704 Lake Lamoille LLC, as borrower. Garrett signed the note on behalf of 704 Lake Lamoille LLC and the mortgage on behalf of 704 Lake Lamoille LLC, as the agent of Sunrise Development LLC.

In July 2018—prior to the execution of the documents referenced above—Garrett provided plaintiffs with a payment schedule for $275,000 for "consulting." The schedule, which is reflected in a spreadsheet attached to the complaint, anticipates annual payments to plaintiffs totaling $137,500 each and spread out over 18 years, with installments due each December. The complaint alleges Garrett made an initial payment of $15,000 to each plaintiff in December 2018 but has refused to make any additional payments and has now taken the position that any payment obligation is unenforceable.

Plaintiffs filed this case on March 27, 2025, pleading claims for third-party beneficiary breach of contract and unjust enrichment. The breach of contract claim alleges that "Thomas and Garrett entered into a valid and binding contract under which Thomas sold the Bridge Street Property to Garrett for $2,750,000," that plaintiffs were intended beneficiaries of this contract, and that "Garret has breached the contract by refusing to pay the installments due." Compl. ¶¶ 26-31. Plaintiffs have also pled a claim for unjust enrichment on the theory that Garret was unjustly enriched at the expense of plaintiffs because he received a $275,000 discount on the purchase price of the Bridge Street property on account of his promise to pay plaintiffs the same amount, which he now refuses to do.

## Analysis

A complaint should be dismissed under Rule 12(b)(6) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* Ultimately, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim." *Id.*

Documents relied on in a complaint merge into the pleadings and may be considered on a motion to dismiss. *Sutton v. Purzycki*, 2022 VT 56, ¶ 20, 217 Vt. 326.

Garrett argues that both of plaintiffs' claims fail as a matter of law, and in the alternative, that plaintiffs have failed to name necessary parties, namely, the LLCs that were parties to the relevant agreements.

With respect to plaintiffs' claim based on breach of the contract to sell the Bridge Street property from Thomas to Garrett, the complaint alleges that Thomas and Garrett "made a deal" and "agreed" to convey the property for $2,750,000, that this agreement was a "valid and binding contract," and that "under the terms of that contract," Garrett was obligated to pay plaintiffs collectively 10% of the original sale price, or $275,000.

Plaintiffs do not allege they were parties to this contract. Accordingly, they may only enforce the agreement if were intended beneficiaries of the agreement. *See Sutton v. Vermont Reg'l Ctr.*, 2019 VT 71A, ¶ 64, 212 Vt. 612 (2020) (citing Restatement (Second) of Contracts § 304). As alleged in the complaint, plaintiffs were intended beneficiaries of a supposed contract between Thomas and Garrett for the sale of the Bridge Street property. But plaintiffs' allegations do not accurately reflect the terms of the actual contract that conveyed the Bridge Street property, which the court may appropriately consider. *See Kaplan v. Morgan Stanley & Co.*, 2009 VT 78, ¶ 10 n.4, 186 Vt. 605 ("Although the full text of the [contract] is not reproduced in, or attached to, plaintiffs' complaint, it is specifically referred to therein. Therefore, it was properly considered by the trial court without the necessity of converting the motion to one for summary judgment."). That contract—the purchase and sale agreement attached to Garrett's motion to dismiss—establishes that (i) the Bridge Street property was owned by 704 Bridge Street LLC not Thomas; (ii) the property was sold to Sunrise Development LLC not Garrett; (iii) there was no provision in the agreement for any money to be paid to plaintiffs; and (iv) "[t]here are no oral understandings, terms, or conditions and neither party has relied upon any representation, express or implied, not contained in this agreement." Mot., Exh. 1, at §§ 1, 15.E. The December 2019 addendum reduced the purchase price by $275,000 but makes no reference to this reduction being made on account of any payments to plaintiffs.

As the Vermont Supreme Court has explained, "[t]he fact that a contract would benefit a third party does not mean the third party has a right to enforce it." *Sutton*, 2019 VT 71A, ¶ 64. "Many contracts benefit third parties, but those third parties are treated as incidental beneficiaries unless the contract language specifically indicates an intent to benefit them." *Id.* (citing *McMurphy v. State*, 171 Vt. 9 (2000)); *Vermont State Auditor v. OneCare Accountable Care Org., LLC*, 2022 VT 29, ¶ 13, 216 Vt. 478 ("[A] third party is not an intended beneficiary of a contract, even if they derive a benefit from the contract, unless the contract language demonstrates that the contracting parties intended to benefit that specific third party. To determine whether a third party is an intended beneficiary of a

contract, we look to the intent of the parties as expressed in the contractual language." (citations omitted)).

The language of the purchase and sale agreement reflects no intention to benefit plaintiffs. Moreover, any claim based on that agreement would have to have been brought against one of the contracting parties. Plaintiffs have alleged no basis to disregard the corporate form and proceed directly against Garrett individually. *See Agway, Inc. v. Brooks*, 173 Vt. 259, 262 (2001) (Vermont courts will "look beyond the corporation to its shareholders for liability, that is, pierce the corporate veil, where the corporate form has been used to perpetrate a fraud and also where the needs of justice dictate" (citation omitted)). Plaintiffs' third-party beneficiary breach of contract claim based on the contract conveying the Bridge Street property thus fails as a matter of law for multiple reasons. Because that is the only breach of contract claim contained in plaintiffs' complaint, Garrett's motion to dismiss this claim is granted.

Turning to the unjust enrichment claim, as the Vermont Supreme Court recently explained in a related case involving the parties:

> Under the doctrine of unjust enrichment, a party who receives a benefit must return the benefit if retention would be inequitable. A claim of unjust enrichment requires three showings: (1) a benefit was conferred on the defendant; (2) the defendant accepted the benefit; and (3) the defendant retained the benefit under such circumstances that it would be inequitable for the defendant not to compensate the plaintiff for its value.

*Hirchak v. Hirchak*, 2024 VT 81, ¶ 26 (quotations and alterations omitted).[1]

The complaint alleges that Garrett received a $275,000 discount on the purchase price for the Bridge Street property in exchange for a promise to pay plaintiffs the same amount in installments over approximately twenty years, and that he has unjustly retained the benefit by refusing to make the promised payments, to the detriment of plaintiffs. This might suffice to state a claim for unjust enrichment but for the fact that Garrett, individually, did not receive the alleged $275,00 discount. As discussed above and reflected in the relevant contractual agreements, non-parties Sunrise Development LLC and Lake Lamoille LLC received the benefit of the reduction in the purchase price of the Bridge Street property. And as already noted, the complaint alleges no basis to hold Garrett liable for any claims against the LLCs. The unjust enrichment claim against Garrett thus also fails as a matter of law.[2]

---

[1] The parties have not briefed and therefore the court does not address how, if at all, the prior litigation relates to this case.

[2] Plaintiffs also include emails between Garrett and Thomas reflecting discussions about paying Tyler and Toby a portion of the purchase price for the Bridge Street property. Even were the court to

Finally, in their opposition to the motion to dismiss, plaintiffs request leave to amend their complaint. "[T]rial courts are to be liberal in permitting amendments to the pleadings." *PeakCM, LLC v. Mountainview Metal Sys., LLC*, 2025 VT 50, ¶ 17. Given the early stage of this case and the complicated familial, financial, and corporate relationships involved, plaintiffs may file a formal motion to amend their complaint within 30 days of this order, along with a proposed amended complaint. Any response to the motion shall be according to rule. If no motion to amend is timely filed, the court will enter final judgment in accordance with this order.

**Order**

Defendant's motion to dismiss the complaint is GRANTED.

Plaintiffs may file a motion to amend the complaint with a proposed amended complaint within 30 days. If no motion is timely filed, the court will enter final judgment in accordance with this order.

Electronically signed on: 9/24/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge

---

consider these on the pending motion to dismiss, these emails do not alter the terms of the relevant contracts, which as discussed above, require dismissal of the pending claims.